UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MOHAMMAD USAMA TOSEEF )<br>  29501 Monterey Circle, )<br>  Farmington Hills, MI 48336 )<br>TOSEEF AZID; )<br>RAZIA NIGHAT; )<br>  512 C, Faisal Town )<br>  Lahore, Pakistan )<br>                Plaintiff(s) )<br>           v. )<br> )<br>MARCO RUBIO, in his official capacity, )<br>Secretary, U.S. Department of State; )<br>  U.S. Department of State )<br>  2201 C St. NW )<br>  Washington, DC 20520 )<br>JOHN ARMSTRONG, in his official capacity, )<br>Principal Deputy Assistant Secretary, Bureau )<br>of Consular Affairs; )<br>ALISON DILWORTH, in her official )<br>capacity, Chargé d'Affaires ad interim, United )<br>States Embassy, Riyadh, Saudi Arabia, )<br>JOHN DOE, in his official capacity, Consular )<br>Officer, United States Embassy, Riyadh, Saudi )<br>Arabia, )<br>  U.S. Department of State )<br>  2201 C St. NW )<br>  Washington, DC 20520 )<br>                Defendant(s). )<br> )<br> ) | Civil Action No. 2:26-cv-10605 |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE
PROCEDURE ACT**

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875 Southfield, MI 48034, Ph: (248) 850-7841), Facsimile: (312) 767-9030, Email: hashim@jeelani-law.com.

1

## INTRODUCTION

COME NOW MOHAMMAD USAMA TOSEEF (hereinafter "Plaintiff MOHAMMAD" or collectively "Plaintiffs"), TOSEEF AZID (hereinafter "Plaintiff TOSEEF" or collectively "Plaintiffs") and RAZIA NIGHAT (hereinafter "Plaintiff RAZIA" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought because of Defendants' failure to adjudicate Plaintiff TOSEEF and Plaintiff RAZIA's respective Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time; a period of over one year and nine months (over 21 months or 654 days) has passed since the immigrant visa interview has taken place, and Defendants have yet to complete a final adjudication. Plaintiffs have a clear right to adjudication of their respective Applications within a timely manner. The final adjudication of their respective Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to act on their respective Applications.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to complete the full and final adjudication of Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

4. Plaintiff MOHAMMAD USAMA TOSEEF is a U.S. citizen and for purposes of the instant action, he is a resident of Oakland County, Michigan. He is the petitioner of two approved Form I-130, Petitions for Alien Relative, naming Plaintiff TOSEEF and Plaintiff RAZIA as the respective beneficiaries.

5. Plaintiff TOSEEF AZID is a citizen and resident of Pakistan. He is the beneficiary of an approved I-130 by virtue of his relationship to his U.S. citizen son, Plaintiff MOHAMMAD. Plaintiff TOSEEF is also the immigrant visa applicant in this matter.

6. Plaintiff RAZIA NIGHAT is a citizen and resident of Pakistan. She is the beneficiary of an approved I-130 by virtue of her relationship to her U.S. citizen son, Plaintiff MOHAMMAD. Plaintiff RAZIA is also the immigrant visa applicant in this matter.

7. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies. This action is filed against him in his official capacity.

8. Defendant JOHN ARMSTRONG is the Principal Deputy Assistant Secretary of State for Consular Affairs. As Principal Deputy Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

9. Defendant ALISON DILWORTH is the Ambassador of the United States Embassy

in Riyadh, Saudi Arabia. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

10. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Riyadh, Saudi Arabia. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff MOHAMMAD resides and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

13. The Plaintiffs have repeatedly requested the Defendants to make a final decision on Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications. Furthermore, Plaintiffs have initiated numerous inquiries with the United States Embassy in Riyadh, Saudi Arabia, without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the United States Embassy in Riyadh, Saudi Arabia, with documents that establish Plaintiff TOSEEF and Plaintiff RAZIA's eligibility to receive immigrant visas to come to the U.S. as permanent residents.

14. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15. On March 28, 2023, Plaintiff TOSEEF and Plaintiff RAZIA became the beneficiaries of an approved Form I-130 Petition for Alien Relative by virtue of their relationship to their U.S. citizen son, Plaintiff MOHAMMAD. (Receipt # IOE0915484359 and IOE0915484225, respectively). **[EXHIBIT A].**

16. On April 3, 2023, Plaintiffs were informed that the approved Form I-130 Petitions for both Plaintiff TOSEEF and Plaintiff RAZIA have been received by the Department of State's National Visa Center. **[EXHIBIT B].**

17. On August 6, 2023, Plaintiff TOSEEF properly submitted his Form DS-260 Immigrant Visa Electronic Application through the Department of State's Consular Electronic Application Center.

18. On June 1, 2023, Plaintiff RAZIA properly submitted her Form DS-260 Immigrant Visa Electronic Application through the Department of State's Consular Electronic Application Center.

19. On April 2, 2024, Plaintiffs were informed that their respective cases were documentarily complete and ready for the NVC to coordinate the scheduling of their immigrant visa interviews at the U.S. Embassy in Riyadh, Saudi Arabia.

20. On May 7, 2024, Plaintiff TOSEEF and Plaintiff RAZIA appeared for their immigrant visa interviews with the United States Embassy in Riyadh, Saudi Arabia. **[EXHIBIT C].**

21. At the conclusion of the immigrant visa interviews, Plaintiffs were informed that they would be subject to administrative processing.

22. On or around June 2, 2024, the U.S. Embassy in Riyadh, Saudi Arabia, acknowledged

5

receipt of Plaintiff TOSEEF and Plaintiff RAZIA's written responses to the questions contained in their respective Forms DS-5535.

23. Since attending their interviews on May 7, 2024, interviews at the United States Embassy in Riyadh, Saudi Arabia, the Embassy has not issued a full and final adjudication of their respective Immigrant Visa applications.

24. The Department of State, and the U.S. Embassy in Riyadh, Saudi Arabia, refuses to allege an average processing time for Immigrant Visa Applications. Moreover, the agencies refuse to provide further explanation which would merit the need for over one year and nine months (over 21 months or 654 days) of processing time.

25. Plaintiffs have endured significant financial, emotional hardships because of the unreasonable period of time that Plaintiff TOSEEF and Plaintiff RAZIA's respective cases have been pending.

26. Plaintiffs have been forced to live without the care and support of their U.S. citizen son, Plaintiff MOHAMMAD for an unreasonably long period of time.

## COUNT I

**VIOLATION OF THE APA (Two Immigrant Visa Applications)**

27. All prior paragraphs are re-alleged as if fully stated herein.

28. Plaintiff TOSEEF and Plaintiff RAZIA have a statutory right to apply for an Immigrant Visa pursuant to 8 U.S.C. § 1153.

29. Defendants have a duty to adjudicate Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications within a reasonable period under 5 U.S.C. §555(b) and 22 CFR § 42.81.

30. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

31. No other adequate remedy is available to Plaintiffs.

32. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate their respective Applications.

33. Given the Defendants' lack of a reason for not deciding on Plaintiffs' Applications for over one year and nine months (over 21 months or 654 days), Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications have been pending for an unreasonably long period of time.

34. Defendants have failed in their statutory duty to adjudicate their respective Applications within a reasonable period of time.

35. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications and have failed to carry out the adjudicative functions delegated to them by law regarding Plaintiffs' respective cases.

36. Defendants' delay in these cases is, as a matter of law, arbitrary, capricious or, otherwise not in accordance with the law, and in violation of Plaintiff MOHAMMAD's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

37. In addition, because of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, their lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff TOSEEF and Plaintiff RAZIA's respective Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and such other and future relief as this Court deems proper under the circumstances.

Date:  February 20, 2026                                  Respectfully submitted,

                                                    /s/ Hashim G. Jeelani
**Hashim G. Jeelani, Esq., (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
hashim@jeelani-law.com
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*